UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN K. JOHNSON,

                Plaintiff,

  v.

DANIEL SATTERBERG et al.,,

                Defendants.

Case No. C19-613-MJP

**REPORT AND RECOMMENATION**

Plaintiff is currently a prisoner detained at the King County Correctional Facility in Kent, Washington. Before the Court is his *pro se* complaint seeking relief under 42 U.S.C § 1983. Dkt. 7. The Court screens complaints filed by plaintiffs who are prisoners under 28 U.S.C. § 1915A(a). The statute directs a court to "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The complaint in this case names as defendants Daniel Satterberg, the King County Prosecuting Attorney, the Department of Corrections and King County Jail. Dkt. 7 at 2. Plaintiff alleges that since he went *pro se* in his criminal case, No. 18-1-055824-7-KNT, the state has acted in a way that has led to the loss of two jobs, left him homeless and has "affected" his

REPORT AND RECOMMENATION- 1

PTSD. The allegations all stem from plaintiff's criminal conviction. Specifically, plaintiff alleges that he was deceived at his criminal sentencing by being sentenced to "DOC probation" even though he had been offered a plea deal of credit for time served. Plaintiff alleges after he was initially released from custody following his sentencing hearing, DOC improperly violated his probation and he lost two jobs. Plaintiff alleges he has complained to Senator Cantwell's office and the FBI for the manner in which DOC has acted; plaintiff believes he is a victim of racial profiling and that the King County Prosecuting Attorney is setting him up and that there is a need for prison reform.

Plaintiff requests the Court to grant him relief from the oppression of Probation, to dismiss his criminal case, and order compensation due to mental anguish and loss of job and home. *Id.* at 5.

The Court has considered the complaint and concludes it is fatally deficient. In specific, the complaint seeks compensation and requests dismissal of a criminal conviction and term of probation which have not been invalidated. The complaint is therefore barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). Because this is a deficiency that no amendment can cure, the Court recommends the complaint be dismissed with prejudice and without further leave to amend the complaint.

## DISCUSSION

### A.   Section 1983 and Criminal Convictions

Plaintiff requests as relief that the Court dismiss his criminal conviction and sentence of probation. A civil lawsuit brought under 42 U.S.C. § 1983 is not the proper legal mechanism to obtain such relief. Rather, a Writ of Habeas Corpus under 28 U.S.C. § 2254 is the exclusive federal remedy for a state prisoner who request the invalidation of his conviction based on the

REPORT AND RECOMMENATION- 2

claim that the conviction and sentence are unconstitutional. *See Young v. Kenny,* 907 F.2d 874, 876 (9th Cir. 1989). This rule is "rooted in considerations of federal-state comity," in which the federal courts must give the state courts the first opportunity to correct errors committed at the trial level on direct appeal or in post conviction proceedings. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

**B.    *Heck* Bar**

In addition to requesting the Court dismiss his criminal conviction and sentence of probation, plaintiff seeks compensation for mental anguish and loss of job and home. In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. at 486-87.

Here, the complaint does not allege plaintiff's conviction and sentence have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, the complaint avers plaintiff pleaded guilty, and asks the Court to dismiss the conviction and probation sentence; the complaint thus plainly establish that petitioner's conviction and sentence still stand. The lawsuit is thus barred under *Heck v. Humphry* and should be dismissed without prejudice.

REPORT AND RECOMMENATION- 3

## CONCLUSION

The complaint in this case is deficient and the deficiency cannot be cured through further amendment. Plaintiff challenges a criminal conviction and sentence of probation. His sole remedy is a writ of habeas corpus, not a civil rights complaint. Plaintiff also seeks compensatory damages but because his criminal conviction still stands his action is *Heck* barred and should therefore be dismissed without prejudice.

Plaintiff is advised he may file objections to this Report and Recommendation, and that his objections are due no later than **May 21, 2019**. The Clerk should note the matter for **May 24, 2019**, as ready for the District Judge's consideration. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal. The Clerk shall also provide a copy of this Report and Recommendation to plaintiff. The Clerk shall also provide this order to plaintiff.

DATED this 6th day of May, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENATION- 4